IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION



FILED

MAR 10 2021

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

HOWARD MUSICK

    Plaintiff Pro Se

v.

1.   SPAN Transit

and

2.   Kristine Herrera, DER

and

3.   Jona Coronado, assistant DER

of SPAN Transit

    Defendants

CIVIL ACTION NO. 4:21 cv 189-ALM/KPJ

JURY DEMANDED

JUDGE

COMPLAINT

Comes now Plaintiff Howard R Musick, who for his Complaint states as follows:

1

Preliminary Statement

1.   Plaintiff Musick, a United States citizen was denied due process concerning a DOT random drug test conducted in an objectively unreasonable manner, commences this action pursuant to 42 U.S.C. 1983 which provides in relevant part for redress for every person within the jurisdiction of the United States for the deprivation, under color of law, of any rights, privileges, or immunities secured by the Constitution and laws.

2. Plaintiff seeks punitive damages, and reasonable attorney's fees, if so accrued, as authorized by 42 U.S.C. 1988.

## II

### Jurisdiction

3. Jurisdiction over Plaintiff's constitutional claims for which redress is provided by 42 U.S.C 1983 is conferred on the Court by 28 U.S.C 1343 (3). This Court also has federal question jurisdiction because this action arises under the Constitution and laws of the United States.

4. Plaintiff's pendent state law claims are asserted under this Court's pendent jurisdiction as expanded by 28 U.S.C. 1367.

## III

### Parties

#### Plaintiff

5. Plaintiff Musick is and was at all times relevant hereto a citizen of the United States and a resident of Denton County, Texas.

#### Defendants

6. Defendant SPAN Transit is a contract service provider located within the boundaries of the Eastern District of Texas. It is Defendant SPAN Transit's responsibility and duty to meet all applicable requirements and procedures of DOT agency drug and alcohol testing regulations. Defendant SPAN Transit is also responsible for all actions of its officials, including service agents, in carrying out the requirements of the DOT agency regulations.

7. Defendants Kristine Herrera, and Jona Coronado are and at all times relevant hereto residents of Denton County, Texas and supervisors employed by Defendant SPAN Transit. Defendant Kristine Herrera is the DER. Defendant Jona Coronado is the assistant DER and

direct supervisor over dispatch and drivers. It is and was at all times relevant hereto their responsibility and duty to treat all employees, including Plaintiff Musick, in compliance with minimum constitutional and statutory requirements and in compliance with Defendant SPAN Transit's rules, regulations, policies, and procedures.

IV

Facts

8. On 17 Sep 20 I, Plaintiff Musick was on route for Defendant SPAN Transit operating a wheelchair lift bus transporting medical patients. I received a call from dispatcher Marybell stating that my remaining clients had canceled and that I should call when finished as she might have another pickup.

9. After dropping off last client I called the dispatcher Tim, who had come on shift, as instructed. He said to go to a clinic, NOVA. I asked what for? and he answered, "to pick up some paperwork," a courier task that I had performed before. I requested the address for my tablet (GPS). The dispatcher refused the request and replied with general directions, which was odd.

10. I found the clinic, and, at the door told the receptionist I was with SPAN and needed to pick up some paperwork as instructed by dispatcher Tim. The receptionist shrugged and said she had no papers. I started to leave the clinic when a specimen collector came out of the back and said it was a random drug test. I was shocked and angered at being lied to, and could only assume there had been a mistake as I had taken a drug test a few weeks before: and, had received a hand-written card from the personal director the day before, 16 Sep 20, thanking me for four-years of service, and could think of no reason for the subterfuge. I told the clinic personal that I would have to talk to Defendant SPAN Tranit's supervisor and returned to the

yard. The supervisor, Defendant Jona Coronado was not there. I received clock-in time for the next day from the dispatcher and went home.

11.     The next morning (18 Sep 20) as I was pre-tripping (inspection) a bus for the day, Defendant Jona Coronado and the DER, Defendant Kristine Herrera, came out wanting to know where my paperwork was. I assumed they were talking about the driver's manifest from the previous day which had been turned in. I had never been given or seen any drug testing documents. I told them what happened and they said they would check into it and I was then allowed to go out on route. I assumed this was the end of the matter as discrepancies concerning drug tests involve removing a driver from safety sensitive duties.

12.     At midday I was called and told by dispatch to return to the yard. I was ushered into a meeting with Defendant Jona Coronado and the Defendant Kristine Herrera and was terminated for refusing a random test, and informed that I had been "notified" by the "specimen collector" at NOVA. The notification at NOVA was later confirmed in writing by the personal director Julie Hydecock, even though drivers are supposed to be notified by the employer of a test before they are sent to the testing site, and, that service agents are not considered employers. Defendant Jona Coronado stated that mistakes had been made by dispatch, but did not elaborate. Defendant Jona Coronado then wanted me to sign a statement that I had refused a drug test, but I declined.

13.     By registered mail I immediately requested all paperwork concerning the test. The personal director, Julie Hydecock, replied it was not SPAN's policy to issue such paperwork, but that I could review them in person, which I was allowed to do 14 Oct 20, twenty-seven days after the scheduled test. It was at this meeting where I first learned the random test was a DOT request issued 28 Aug 20, despite the fact drivers are to be notified it is a required DOT test before being sent to the testing site. Ms. Hydecock also informed me the refusal would not be

reported to other agencies, but would stay in SPAN's records until a background check was requested by a future employer. Essentially, my license was held hostage.

14. I immediately started making phone calls and writing letters to the various agencies involved in an attempt to collect the required paperwork, affidavits, and chain of custody form concerning the test. Over the phone personal at NOVA, the testing site, said they had no record of me in their files. On 15 Oct 20 I called the First Advantage consortium and was told there was no order for a test and, in a subsequent email, was told my name was not in their records. I called the Medical Review Officer (University Services) and was told the only test on record is for 2017. In an email, 22 Oct 20, Defendant Kristine Herrera, DER SPAN, said there is no chain of custody form because it was deemed a refusal.

15. Via email, I contacted Julie Hydecock and queried her on SPAN's arbitration policy in an attempt to resolve the dispute over the company's violation of DOT rules. She replied that I should file a complaint with the DOT.

16. I have since filed complaints with the Federal Motor Carrier Safety Administration, Texas Division: Data Q online: and the DOT hotline. On 16 Dec 20 I received a letter from Joanne A. Cisneros of the Texas Division stating they will not conduct an investigation and, that if I felt erroneous information was filed by the motor carrier (SPAN) that I should file a complaint with Data Q and the FMCSA.

17. On 7 Jan 21 I received a call from Mike of FMCSA and was told the agency is extremely busy and that the most likely recourse for me is civil action.

18. I was terminated over Defendant SPAN Transit's blatant disregard of federal regulations and my unwillingness to acquiesce to subterfuge, lies, and the improper administration of the rules.

19. I was hindered in efforts for redress due to Defendant SPAN Transit's refusal to report the alleged violation to the clearinghouse within three-days. Information on me is almost nonexistent in the records of the various service agents and federal agencies involved. I have also been delayed by Defendant SPAN Transit's refusal to promptly issue requested paperwork: it was 27 days before I was informed that it was a DOT test, and I have suffered damages conforming to legal and regulatory standards.

Employer Liability

20. The blatant disregard of the rules set out above was in compliance with and caused the deficient actual policies, procedures, practices, and customs of Defendant SPAN Transit in administering DOT random drug tests. Specifically, Defendant SPAN Transit empowered Defendant Kristine Herrera and Defendant Jona Coronado with unfettered discretion to use objectively unreasonable procedures contrary to defined regulations. Finally, Defendant SPAN Transit also empowered Defendant Jona Coronado to terminate my employment. Though Defendant Jona Coronado admitted mistakes were made, I suffered the consequences.

21. All of Defendant SPAN Transit's deficient actual policies, procedures, practices, and customs relating to the administering of DOT random drug tests are proximate causes of my damages.

22. Defendant SPAN Transit breached its duty to provide Defendant's Jona Coronado and Kristine Herrera with adequate supervision. This inadequate supervision resulted from and was caused by Defendant SPAN Transit's deliberate indifference to my right to due process. Further, requests, queries, and complaints issued by myself to Defendant SPAN Transit resulted in no action and, as such, acquiesced to the misconduct. Finally, the grossly inadequate supervision amounts to the deliberate indifference to my rights.

23. The grossly inadequate supervision is a proximate cause of my damages.

Damages

24.     Defendants SPAN Transit, Kristine Hererra, and Jona Coronado caused Plaintiff's damages including mental pain and suffering, severe emotional distress, lost income, damage to reputation, and hinderance of future employment.

25.     The acts and omissions complained of herein were wanton, willful, reckless, and or intentional, rendering appropriate the award of punitive damages against each individual defendant, separately, in individual capacity.

Miscellaneous

26.     All defendants were acting under color of law at all times hereto.

V

Jury Demand

27.     Plaintiff demands a trial by jury on all issues so triable.

VI

Federal Cause of Action

First Cause of Action

28.     The facts set out above amount to a violation of due process under the Fifth and Fourteenth Amendments to the United States Constitution made applicable to these defendants by the Fourteenth Amendment for which redress is provided by 42 U.S.C. 1983 and for which Defendants SPAN Transit, Jona Coronado, and Kristine Herrera are liable.

29.     Defendants Jona Coronado and Kristine Herrera in their individual capacities are also separately liable for punitive damages.

Second Cause of Action

30. As an employer Defendant SPAN Transit failed to notify Plaintiff of the DOT random drug test as required under 49 CFR Sec 382.113.

31. In an objectively unreasonable manner Defendant SPAN Transit insisted that Plaintiff was notified by a specimen collector at testing site NOVA, a service agent, a gross violation of 49 CFR Sec 382.113 and 49 CFR Part 40, Sec. 40.15 (d).

### Third Cause of Action

32. Defendant SPAN Transit allowed Plaintiff to perform safety sensitive duties after an alleged refusal, a gross violation of 49 CFR Sec 382.701.

### Fourth Cause of Action

33. Defendant SPAN Transit failed to report the alleged refusal to the clearinghouse, a gross violation of 49 CFR Sec 382.705.

34. Defendant SPAN Transit failed to promptly release requested documents to Plaintiff, a gross violation of 49 CFR Sec 382.405.

### Causes of Action

35. All of the individual defendants' acts and omissions set out above give rise to federal law claims based on violations of due process.

WHEREFORE PLAINTIFF MUSICK PRAYS that this Honorable Court:

    a. Enter judgment against Defendants SPAN Transit, Jona Coronado, and Kristine Herrera jointly and severally, in behalf of Plaintiff Musick in the amount of Ten Thousand Dollars ($10,000) compensatory damages on Plaintiff's violation of due process claim;

      b. Enter judgement against Defendants SPAN Transit and Jona Coronado, jointly and severally, in behalf of Plaintiff in the amount of One Thousand dollars ($1,000) compensatory damages on Plaintiff's violation of due process claim;

      c. Enter judgement against Defendants SPAN Transit and Kristine Herrera, jointly and severally, in behalf of Plaintiff in the amount of One Thousand dollars ($1,000) compensatory damages on Plaintiff's violation of due process claim;

      d. Enter judgement for punitive damages against Defendant SPAN Transit, Defendant Jona Coronado, and Defendant Kristine Herrera, in their individual capacities, in behalf of Plaintiff in an amount sufficient to punish these Defendant's violation of due process in an amount sufficient to deter these Defendants and others from doing this to someone else.

      e. Grant a trial by jury on all issues so triable; and

      f. Grant Plaintiff any and all additional relief to which he may appear to be entitled including statutory attorney fees as authorized by 42 U.S.C. Sec 1988, pre-judgement interest, and costs herein expended.

Respectfully Submitted,

*/s/ Howard R Musick*

Howard R Musick

Pro Se

1320 Anna St.

Denton, TX 76201

940/597-5492

skidlidless@gmail.com